UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| SARA D. GOODWILL, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DEFENDANTS' NOTICE OF REMOVAL |
| ANYWHERE REAL ESTATE INC. f/k/a REALOGY HOLDINGS CORP., | ) ) ) | PURSUANT TO 28 U.S.C. §§ 1331, 1332 1441(a), and 1441(b) (Federal Question |
| and | ) ) | and Diversity Jurisdiction) |
| THE MASIELLO GROUP LIMITED d/b/a BETTER HOMES AND GARDENS REAL ESTATE/THE MASIELLO GROUP, | ) ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that all Defendants unanimously hereby remove the above-captioned action, *Sara D. Goodwill, et al. v. The Masiello Group Limited, et al.*, Case No. CV-2022-301, from the Superior Court of the State of Maine, County of Cumberland (the "State Court Action") to the United States District Court for the District of Maine, on the basis of federal question jurisdiction, codified in 28 U.S.C. § 1331, and diversity jurisdiction codified in 28 U.S.C. § 1332. Defendants hereby provide a "short and plain statement of the grounds for removal" pursuant to 27 U.S.C. § 1446(a).

## BACKGROUND

1. On June 29th, 2020, Plaintiff Sara D. Goodwill, a former Maine-based real estate agent, filed a Charge of Discrimination with the Maine Human Rights Commission ("MHRC") alleging Age Discrimination against Defendant The Masiello Group.

1

2. The matter was fully briefed, investigated by the assigned agency investigator, and, after extensive document production, was argued before the sitting commissioner of the MHRC, including extensive document production and oral argument.

3. On June 16th, 2022, the MHRC issued a finding of "NoReasonable Grounds" to believe that any unlawful discrimination had occurred.

4. On September 13, 2022, Plaintiff filed her Complaint against Anywhere Real Estate Inc. and The Masiello Group Limited, on her own behalf and on behalf of a putative class of similarly situated individuals, in the Superior Court of Maine, Cumberland County alleging the same facts vis a vis age discrimination (and added "class" claims relative to the payment of wages asserting she was not an independent contractor per the agreement she had signed).(A copy of the Complaint is part of the State Court Record attached to the Affidavit of Adam Taylor, Esq. submitted herewith as Exhibit A).
Plaintiff alleges that Defendants, by virtue of their conduct, "have committed a wide-spread and systematic breach of the terms of [their Independent Contractor Agreements] in that [they] treat [their] Realtors as employees and not independent contractors as is stated in the [Independent Contractor] Agreement," and in so doing, "have intentionally and willfully misrepresented to the Realtors that they are independent contractors when in fact they are employees." *Compl.* ¶¶ 45-46. Plaintiff asserts claims in this action on behalf of herself and a group of allegedly similarly situated individuals who have worked for Defendants as real estate brokers and agents in the State of Maine, including claims based on (1) unpaid overtime under Maine's Minimum Wage and Overtime Law; (2) unfair agreements in violation of 26 M.R.S.A. § 629; (3) failure to pay wages when due in violation of 26 M.R.S.A. § 621-A; and (4) intentional and knowing misclassification in violation of 26 M.R.S.A. § 591-A. *Compl.* ¶ 2. Additionally, on behalf of

herself (and not the alleged "class"), Plaintiff asserts claims based on (1) violation of the Maine Human Rights Act and the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (2) breach of contract; and (3) conversion. *Id.* at ¶ 3.[1]

## REQUIREMENTS FOR REMOVAL

5. Plaintiff filed the State Court Action on September 13, 2022. Plaintiff served Defendants Anywhere and The Masiello Group with process in the State Court Action on November 30, 2022 and December 1, 2022, respectively. Thus, removal is timely under 28 U.S.C. § 1446(b) because 30 days or less have passed since the first of the Defendants received service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Heller v. Allied Textile Cos., Ltd.*, 276 F. Supp. 2d 175, 180 (D. Me. 2003).

6. All Defendants who have been properly served with the Summons and Complaint have provided consent to removal and join in this Notice as reflected by the signatures of their respective counsel below.

7. Venue properly lies in the United States District Court for the District of Maine, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because the State Court Action was filed in Cumberland County.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the clerk of the Superior Court of Maine, Cumberland County and providing written notice of this removal to Plaintiff by serving Plaintiff's counsel.

9. In accordance with 28 U.S.C. §§ 1446(a), copies of all processes, pleadings, and orders served on Defendants are attached to the Affidavit of Adam Taylor, Esq. submitted

---

[1] Defendants dispute Plaintiff's factual allegations, as well as the legal conclusions, in the Complaint, and deny that Plaintiff has been harmed in any way. Moreover, Defendant disputes that the use of the "class action" device is warranted in this case, which was previously evaluated by the MHRC

3

herewith as <u>Exhibits A-D</u>.

## **THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§1331 AND 1367**

10. This Court has original jurisdiction over this Action under 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For a case to arise "under the Constitution or laws of the United States," the right or immunity created by the Constitution or laws of the United States must be an essential element of Plaintiff's cause of action and must appear on the face of the state court complaint. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).

11. As a preliminary matter, Defendants deny that they have any liability to Plaintiff and deny that Plaintiff is entitled to recover damages and any other relief requested in the Complaint. That said, based on the allegations as pled in the Complaint, which must be taken as true for purposes of removal, removal is appropriate because Plaintiff's claim under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, is founded on a claim or right arising under the laws of the United States. Thus, Defendants may properly remove this case pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), and 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.").

12. Removal is also appropriate because all Parties to this litigation are citizens of different states—Plaintiff is a resident of the State of Maine. Defendant Anywhere is incorporated in Delaware and headquartered in New Jersey. <u>See</u> Anywhere Form 10-Q, available at sec.gov. Defendant The Masiello Group Limited is a New Hampshire corporation with a principal place of business in New Hampshire. *Compl.* ¶¶ 4, 6, 7.

13. Where the removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). Without admitting liability or that Plaintiff is entitled to any damages, Defendants state that, given the nature of the potential damages available to Plaintiff under the Complaint, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

14. In her Complaint, Plaintiff alleges that she was misclassified as an independent contractor and, as a result, is owed unpaid overtime plus statutory liquidated damages, and attorneys' fees and costs. Compl. ¶¶ 102, 105, 109, 11. Plaintiff also alleges that she was discriminated against on the basis of her age. Based on these allegations, Plaintiff seeks "all statutory remedies, including but not limited to back pay and front pay, statutory liquidated damages, and attorneys' fees and costs." Compl. ¶¶ 114, 117.

15. Even a modest award of just a few years of back and/or front pay likely would exceed $75,000.

16. Moreover, "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 101 (D. Mass. 2013).

17. Attorneys' fees also are included in determining the amount in controversy. See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 81 n. 15 (1st Cir. 2014).

18. In light of the foregoing, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

19. Thus, Defendants may properly remove this case pursuant to 28 U.S.C. §

1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

20. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims that are part of the same controversy as those claims over which the Court has original jurisdiction. Therefore, this Court has supplemental jurisdiction over Plaintiff's remaining causes of action against Defendants.

## RESERVATION OF RIGHTS AND DEFENSES

21. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them, and reserve all such defenses, including, but not limited to, defenses based upon improper or inadequate service of process or based upon lack of personal jurisdiction. In addition, Defendants do not concede that Plaintiff (or the alleged "class" Plaintiff purports to represent) state any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any kind or nature.

22. If any questions arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to submit additional papers and to present oral argument.

**WHEREFORE,** Defendants hereby remove this action, which was previously pending in the Superior Court of the State of Maine, County of Cumberland, and bearing the State Court Case No. CV-2022-301, to the United States District Court for the District of Maine.

DATED: December 19, 2022                    Respectfully submitted,


/s/Adam S. Taylor, Esq.
Adam S. Taylor, Esq., ME Bar. #9078
Gregg R. Frame, Esq., ME Bar. #9291
TAYLOR, McCORMACK & FRAME, LLC

267 Commercial Street, First Floor
Portland, ME 04101
Tel: (207) 828-2005
Fax: (207) 347-4523
Email: ATaylor@TMFattorneys.com
Email: GFrame@TMFattorneys.com

Attorneys for Defendant The Masiello Group




/s/ Valerie A. Wright
Valerie A. Wright, ME Bar No. 9166
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone: 207.774.6001
vwright@littler.com



Christopher Kaczmarek, Esq., pro hac vice
admission to be requested

Littler Mendelson, P.C.
One International Place, Suite 2700
Boston, MA 02110
Tel: (617) 378-6017
Fax: (617) 507-8046
Email: CKaczmarkek@littler.com

Attorneys for Defendant Anywhere Real Estate, Inc.

7

## CERTIFICATE OF SERVICE

I, Adam S. Taylor, attorney for Defendant, The Masiello Group hereby certify that on the above-date, I electronically filed Defendants' Notice of Removal Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1441(b)(Federal Question and Diversity) in this matter with the Clerk of the Court via email and to counsel of record listed above via email and to counsel for Plaintiffs, Peter Mancuso, Andrew Schmidt, and Eric Uhl, via email.

DATED: December 19, 2022                    Respectfully submitted,


/s/Adam S. Taylor, Esq.
Adam S. Taylor, Esq., ME Bar #9078
Gregg R. Frame, Esq., ME Bar #9291
TAYLOR, McCORMACK & FRAME, LLC
267 Commercial Street, First Floor
Portland, ME 04101
Tel: (207) 828-2005
Fax: (207) 347-4523
Email: ATaylor@TMFattorneys.com
Email: GFrame@TMFattorneys.com

*Attorney for Defendant The Masiello Group*