UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| SARA D. GOODWILL, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 2:22-cv-00407-LEW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ANSWER TO FIRST AMENDED COMPLAINT |
| ANYWHERE REAL ESTATE INC. f/k/a REALOGY HOLDINGS CORP., | ) ) ) | AND COUNTERCLAIM FOR DECLARTORY JUDGMENT OF THE |
| and | ) ) | MASIELLO GROUP |
| THE MASIELLO GROUP LIMITED d/b/a BETTER HOMES AND GARDENS REAL ESTATE/THE MASIELLO GROUP, | ) ) ) ) | |
| Defendants. | ) | |

**NOW COMES** Defendant, The Masiello Group Limited d/b/a Better Homes and Real Estate/The Masiello Group ("Masiello" or "Defendant") by and through its undersigned counsel, Taylor, McCormack & Frame, LLC, and sets forth its Answer and Affirmative Defenses to the First Amended Class Action Complaint of Sara D. Goodwill ("Goodwill" or "Plaintiff") as well as its Counterclaim seeking declaratory relief in the above-captioned action.

1.  Defendant denies the allegations in Paragraph 1 of the Complaint so much as they assert that Goodwill was an "employee" of either Masiello or Anywhere Real Estate Inc. f/k/a Realogy Holdings Corp. ("Anywhere"). Defendant denies having engaged in any conduct constituting an intentional misclassification of Goodwill or any other real estate professional who has elected to affiliate with Masiello as an

independent contractor. The remainder of the statements in Paragraph 1 state a legal conclusion to which no response is required by Defendant; to the extent a response is otherwise required, it is denied, and Goodwill is left to her proof.

2.    Paragraph 2 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.[1]

3.    Masiello states that Goodwill's Complaint speaks for itself as to the type of claims being advanced and admits that Goodwill's Maine Human Rights Act ("MHRA") claims, Age Discrimination in Employment Act ("ADEA") claim, breach of contract claim, and conversion claim are all specific to her and have no factual nexus to the putative group of "similarly situated individuals" she asserts is a "class" she is somehow representing. Masiello denies all factual averments by Goodwill suggesting, contrary to her fully executed independent contractor agreement, that she was an "employee" at any time during her brief affiliation with Masiello. Masiello also notes that Paragraph 3 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the same. Masiello denies the allegation that Goodwill was employed by Defendant.

---

[1]    For avoidance of doubt, Masiello denies each and every allegation posed by Goodwill which generally references "a group of similarly situated individuals" and/or attempts, in sweeping fashion, to assert the above-captioned matter is a "Class Action Complaint" when no certification has been granted, the requisites of Rule 23 have not been plead or met, and the underlying claims specific to Goodwill do not extend to an unidentified "group" for which she does not have standing to advance claims on behalf of.

5.    Paragraph 5 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.    Defendant admits the statement made in the first sentence of Paragraph 7 of the Complaint. Masiello admits it is a party to a franchise agreement and is without sufficient knowledge to address the remaining allegations related to "wholly owned" status or any third party subsidiaries. Therefore, Masiello leaves Plaintiff to her proof as to the remaining allegations.

8.    Paragraph 8 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

9.    Masiello denies the allegations in Paragraph 9 of the Complaint purporting to relate to a "so-called Independent Contractor Agreement", and further states that the agreement executed between Goodwill and Masiello, and which governed the terms of her affiliation with Masiello as real estate agent between March 23, 2017, and September 9, 2019, is unambiguous and speaks for itself.

10.    All factual averments contained Paragraph 10 are denied.  Additionally, Paragraph 10 of the Complaint states a series of unsupported legal conclusions to which no response is required by Defendant; to the extent a response is required, it is denied.

11.    All factual averments contained Paragraph 11 are denied.  Additionally, Paragraph 11 of the Complaint states a legal conclusion to which no response is required by Masiello; to the extent a response is required, it is denied.

12.    Masiello denies the allegations made in Paragraph 12 of the Complaint, noting further that Paragraph 12 contains legal conclusions to which no response is required.

13.    Masiello admits that real estate professionals who choose to align with it as agents or realtors confirm their standing as independent contractors in their respective agreements, are supported by Masiello in the furtherance of their independence-based business activities, are paid for productivity on commission rather than salary, and are provided operational guidance to ensure, among other things, compliance with Maine law and applicable professional licensing requisites. Masiello denies the remaining characterizations and related allegations made in Paragraph 13 of the Complaint.

14.    Masiello admits that it offers training opportunities and on-going productivity support to the real estate professionals who choose to affiliate with it.  Masiello further states that Goodwill, as a condition of her affiliation as an independent contractor, participated in basic, introductory operational and procedural training, and thereafter enjoyed at all times the latitude to set her own schedule, employ personal marketing techniques, pursue personal business initiatives, determine her own productivity, and be compensated through performance-related commission, all consistent with the independence-based approach of real estate industry in Maine and across the country.  To the extent any additional response to Paragraph 14 is warranted under the applicable rules, the unaddressed allegations made in Paragraph 14 of the Complaint are denied.

15.    Masiello admits that Goodwill elected to join Masiello as an affiliated agent and, in doing so, voluntarily executed an independent contractor agreement, the terms of which are clear and unambiguous.  Masiello acknowledges that it maintains a "Policy Manual" which is referenced in Goodwill's independent contractor agreement and that the Policy Manual provides guidance as to certain rights, expectations and responsibilities that benefit both parties – Masiello and Goodwill. Masiello denies Goodwill's characterization of the guidelines manual as an "employer/employee" document and that "approximately 115 pages" is devoted to disciplinary activities and workplace rules.  Both the independent contractor agreement and the Policy Manual speak for themselves.  To the extent that any additional response is required of the allegations made in Paragraph 15 of the Complaint, such allegations are denied, and Goodwill is left to her proof.

16.    Masiello denies the allegations made in Paragraph 16 of the Complaint.

17.    Masiello admits that the Policy Manual addresses both ethics and professional standards as are required under Maine and consistent with sound business practices. To the extent any remaining allegations made in Paragraph 17 of the Complaint necessitate additional responses, said allegations are denied, leaving Goodwill to her proof.

18.    Masiello admits that the Policy Manual provides guidance as to and addresses various operating and professional standards for Masiello employees and independent contractor real estate professionals such as Goodwill.  Numerous polices do not apply to agents or realtors.  The policies that Masiello's manual references include anti-harassment and anti-discrimination mandates, non-smoking

5

requirements, ethics, agent licensing, and general operating guidance. The assertion that the policy manual contains "typical employment-related policies and procedures" is denied as is the suggestion that the manual applies exclusively to independent contractor agents like Goodwill. Again, the Policy Manual speaks for itself. To the extent any remaining allegations made in Paragraph 18 of the Complaint necessitate additional responses, said allegations are denied, leaving Goodwill to her proof.

19.    Paragraph 19 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied. Masiello states further that the Policy Manual speaks for itself and as noted above, and despite allegations to the contrary, applies to both realtors and employees.

20.    Defendant denies the allegations made in Paragraph 20 of the Complaint. To be sure, the Policy Manual does not reference both Anywhere and Masiello having "authority to discipline" agents such as Goodwill. Masiello states further that the Policy Manual speaks for itself and as noted above, and despite allegations to the contrary, applies to both realtors who choose to align with Masiello and actual employees of Masiello.

21.    Defendant admits that certain provisions of the Policy Manual that apply to licensed real estate professionals who elected to align with Masiello as an independent contractor, like Goodwill, detail the benefits and support they could expect in pursuing the independence-based approach to furthering their personal business and productivity, including space usage, signage, and other resources. Masiello states further that the Policy Manual speaks for itself and as noted above, and

despite allegations to the contrary, applies to both realtors who choose to align with Masiello and actual employees of Masiello.

22.    Defendant denies the allegations made in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations made in Paragraph 23 of the Complaint.

24.    Defendant denies the use of the term "employment" used in Paragraph 24 of the Complaint.  Masiello states further that the Policy Manual speaks for itself and as noted above, and despite allegations to the contrary, applies to both realtors who choose to align with Masiello and actual employees of Masiello.  Moreover, Goodwill's allegations throughout the Complaint inaccurately paraphrase or characterize Policy Manual content as specifically including Anywhere and Masiello. To the extent any further response is warranted, said allegations are denied.

25.    Masiello denies that the Policy Manual, and the attendant practices of Masiello, are as detailed by Goodwill in the Paragraph 25.  Masiello states further that the Policy Manual speaks for itself.  Goodwill's allegations throughout the Complaint inaccurately paraphrase or characterize Policy Manual content as specifically including both Anywhere and Masiello.  To the extent any further response is warranted, said allegations are denied.

26.    Masiello states further that the Policy Manual speaks for itself.  Masiello states that Anywhere does not, in practice or under the Policy Manual, assume "sole discretion" as to claims or disputes affecting independent contractor agents of Masiello.  Defendant denies the allegations made in Paragraph 26 of the Complaint.

27.    Defendants deny the use of the term "employment" used in Paragraph 27 of the Complaint.  Masiello states that Goodwill, pursuant to her independent contractor agreement with Masiello was provided designated broker services and licensing oversight as required under applicable Maine law, including the Maine Real Estate Brokerage License Act.  Masiello denies that both it and Anywhere, as alleged in Paragraph 27, appointed designated brokers for real estate professionals to "manage" and "control" them.  To the extent any further response is warranted, said allegations are denied.

28.    Paragraph 28 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.  Masiello states further that the allegation that both Masiello and Anywhere somehow appointed "designated brokers" in the context of Masiello's operations is expressly denied.

29.    Paragraph 29 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

30.    Defendant denies the allegations made in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations made in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations made in Paragraph 32 of the Complaint.

33.    Masiello admits that Goodwill's affiliation with its agency was terminated in September of 2019, thirty (30) months after she executed the independent contractor agreement.  Masiello admits that it terminated the agreement with Goodwill in the wake of long-standing performance and conduct-related deficits as was detailed to and relied upon by the Maine Human Rights Commission in finding

there were no reasonable grounds to support a finding of discrimination as advanced in Goodwill's charge. Masiello denies the remaining allegations made in Paragraph 33 of the Complaint, noting further that both Masiello and Anywhere did not have "supervisors" that "reprimanded and counseled" Goodwill.

34.    Defendant denies the allegations made in Paragraph 34 of the Complaint. Anywhere did not have any "supervisors" working at Masiello's places of business, let alone supervisors who were somehow "micromanaging" Goodwill or others.

35.    Defendant denies the allegations made in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations made in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations made in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations made in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations made in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations made in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations made in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations made in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations made in Paragraph 43 of the Complaint.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies the same. Masiello further notes that not a single one of the licensed real estate professionals that elects to join its team of realtors and executes an independent contractor agreement, also signs an agreement with or engages in any way with Anywhere.

45.    Masiello denies the allegations proffered in Paragraph 45 of the Complaint and states the paragraph references a legal conclusion to which no response is required; and to the extent a response is required, it is denied.

46.    Paragraph 46 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

47.    Masiello admits that, pursuant to the terms of its agreement with real estate professionals, remits a transaction-related commission to certain licensed professionals.  The commission amount, nature and calculation could vary across professionals based on volume, the circumstances of the transaction, and other factors.  The allegations made in Paragraph 47 of the Complaint state that both Anywhere and Masiello pay commissions to realtors, which is inaccurate and therefore denied.

48.    Masiello admits that both Masiello and Anywhere do not pay real estate professionals "on a regular weekly, bi-weekly, or twice monthly" basis.  Masiello denies that both Anywhere and Masiello, jointly, pay commissions to real estate agents.  Masiello admits that the Policy Manual speaks for itself, and the commission amount, nature, and calculation can vary across professionals based on volume, the circumstances of the transaction, and other factors.  To the extent any additional response to the allegations of Paragraph 48 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

49.    Masiello admits that the Policy Manual, which speaks for itself, confirms payment process and provides guidance related to the same.  Masiello states that the Policy Manual provisions providing guidance as to commission payments fail to mention

or reference Anywhere as alleged by Goodwill, and said averments are therefore denied. To the extent any additional response to the allegations of Paragraph 49 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

50.    Masiello denies that both it and Anywhere had "commission schedules" provided to or used with "Realtors". Masiello admits that the Policy Manual, which speaks for itself, confirms payment process and provides guidance related to the same. To the extent any additional response to the allegations of Paragraph 50 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

51.    Masiello admits that both it and Anywhere do not compensate real estate professionals for activities referenced in the allegations made in Paragraph 51 of the Complaint. To the extent any additional response to the allegations of Paragraph 51 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

52.    Defendants deny the allegations made in Paragraph 52 of the Complaint. The remainder of the statements in Paragraph 52 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

53.    Masiello admits that it does not track or otherwise record the "hours worked" by the independent contractor real estate professionals who have sought to have Masiello provide designated broker support while they pursue the independence-based approach to furthering their personal business. To the extent any additional response to the allegations of Paragraph 53 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

54.    Defendant denies all allegations made in Paragraph 54 of the Complaint asserting that both Masiello and Anywhere "routinely required", for their collective benefit, to "pay for certain tools of the trade" while both prohibiting real estate professionals from "investing in" or "contributing to" other facets of their business.  Masiello further denies the assertion that "Realtors" are "employees" of Anywhere and Masiello.  To the extent any additional response to the allegations of Paragraph 54 of the Complaint is necessary, said allegations are denied, leaving Goodwill to her proof.

55.    Paragraph 55 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies the same.

57.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies the same.

58.    Defendant admits the statement made in Paragraph 58 of the Complaint.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

60.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

62.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

65.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

66.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore denies the same, and further states any corporate filings speak for themselves.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore denies the same.

68.    Defendant states that the Agreements speak for themselves. To the extent an additional response is warranted, Masiello is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 68, and
therefore denies the same.

69.    Defendant states that the Agreements speak for themselves. To the extent an
additional response is warranted, Masiello is without knowledge or information
sufficient to form a belief as to the truth of the allegations in Paragraph 69, and
therefore denies the same.

70.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 70 of the Complaint, and therefore denies the
same, and further states that the "Policy & Procedures Manual" speaks for itself.

71.    Defendant states that the "Policy & Procedure Manual" speaks for itself. To the
extent an additional response is warranted, Masiello is without knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph
71, and therefore denies the same.

72.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 72 of the Complaint, and therefore denies the
same.

73.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 73 of the Complaint, and therefore denies the
same.

74.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 74 of the Complaint, and therefore denies the
same.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies the same.

76.    Defendant admits that compliance with NAR Code of Ethics and Standards is required and denies the remaining statements made in Paragraph 76 of the Complaint.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and therefore denies the same.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and therefore denies the same.

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and therefore denies the same.

80.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and therefore denies the same.

81.    Defendant denies the statement made in Paragraph 81 of the Complaint.

82.    Masiello is without sufficient knowledge as to the Plaintiff; allegations pertaining to an LLC being a "wholly owned subsidiary" of Realogy. As to the remaining allegations of Paragraph 82, Masiello admits the statement.

83.    Defendant admits the statement made in Paragraph 83 of the Complaint.

84.    Paragraph 84 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

85.    Defendant denies the allegation made in Paragraph 85 that directing users to a website means that the entities are "heavily intertwined". To the extent a further response is required, it is denied.

86.    Defendant admits the statement made in Paragraph 86 that Defendants received an award from Realogy; Defendant denies all other allegations made in Paragraph 86.

87.    Masiello admits that Barbara Howe served, on behalf of Masiello, as a designated broker under Maine law for independent contractor real estate professionals. Masiello also admits that Ms. Howe and others affiliated with Masiello, consistent with the requisites of Maine law served in the role of designated broker.  The remaining allegations, including assertions regarding Anywhere "assigning" designated broker or having involvement in the regulatory compliance processes at Masiello are denied, leaving Goodwill to her proof.

88.    Defendant denies the allegations made in Paragraph 88 of the Complaint. The remainder of the statements in Paragraph 88 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

89.    Masiello denies the allegations made in Paragraph 89 of the Complaint.

90.    Masiello denies the allegations made in Paragraph 90 of the Complaint.

91.    Masiello denies the allegations made in Paragraph 91 of the Complaint.

92.    Masiello denies the allegations made in Paragraph 92 of the Complaint.

93.     Masiello denies the allegations made in Paragraph 93 of the Complaint. The remainder of the statements in Paragraph 93 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

94.     Paragraph 94 of the Complaint states a legal conclusion to which no response is required by Masiello; to the extent a response is required, it is denied.

95.     Masiello denies the allegations made in Paragraph 95 of the Complaint. The remainder of the statements in Paragraph 95 state a legal conclusion to which no response is required by Masiello; to the extent a response is required, it is denied.

96.     Masiello denies the allegations made in Paragraph 96 of the Complaint. The remainder of the statements in Paragraph 96 state a legal conclusion to which no response is required by Masiello; to the extent a response is required, it is denied.

97.     Masiello denies the allegation made in Paragraph 97 of the Complaint.

98.     Masiello denies the allegations made in Paragraph 98 of the Complaint. The remainder of the statements in Paragraph 98 state a legal conclusion to which no response is required by Masiello; to the extent a response is required, it is denied.

99.     Masiello admits that Ms. Howe communicated to Goodwill at the time her independent contractor relationship with Masiello was terminated. Masiello denies that Ms. Howe stated to Goodwill that she was authorized by both Masiello and Anywhere to terminate Goodwill's engagement as her "supervisor". Masiello denies the remaining assertions and leaves Goodwill to her proof.

100.    Defendant denies the allegations made in Paragraph 100 of the Complaint and states that the reference, which is taken out of context, speaks for itself. Moreover, as previously noted above, Goodwill's assertion that both or either of Masiello and

Anywhere were "contractually obligated" to her is a legal conclusion for which no response is required.

101.    Masiello denies the allegations made in Paragraph 101 of the Complaint and states that the reference speaks for itself.  Masiello states further that Anywhere was not a party to Goodwill's independent contractor agreement or engagement.

102.    Masiello denies the allegations contained in Paragraph 102 of the Complaint.  The remainder of the statements in Paragraph 102 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied. Masiello, again, states that Anywhere was not a party to Goodwill's independent contractor agreement or engagement, yet the pleading repeatedly offers sweeping allegations implicating both Anywhere and Masiello.

103.    Defendant denies the allegation made in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations made in Paragraph 104 of the Complaint. The remainder of the statements in Paragraph 104 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

105.    Defendant denies the allegations made in Paragraph 105 of the Complaint

106.    Defendant denies the allegations made in Paragraph 106 of the Complaint. The remainder of the statements in Paragraph 106 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

107.    Paragraph 107 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

108.    Masiello admits the allegations made in Paragraph 108, stating further that the MHRC found, in dismissing the entirety of Goodwill's Charge of Discrimination,

that, upon investigation, there exist no reasonable grounds upon which her claims of discrimination against Masiello can stand.

109.    Paragraph 109 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

110.    Masiello incorporates by reference all of its prior responses to Paragraphs 1-110 of Goodwill's Complaint and states the general allegation implicates a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied, leaving Goodwill to her proof.

111.    Paragraph 111 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied. Specifically, Masiello denies that Goodwill and the "putative" class of unidentified real estate professionals whom she seeks to "represent", while pursuing her personal, fact specific age-based discrimination claims, has met or can meet the many requisites of Rule 23.

112.     Paragraph 112 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

113.    Defendant denies the allegations made in Paragraph 113 of the Complaint. The remainder of the statements in Paragraph 113 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

114.    Paragraph 114 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.  Masiello denies that Goodwill and the "putative" class or classes of unidentified real estate professionals whom she seeks to "represent" while pursuing her personal, fact

specific age-based discrimination claims, has met, or can meet, the many requisites of Rule 23.

115. Defendant denies the allegations made in Paragraph 115 of the Complaint. The remainder of the statements in Paragraph 115 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied, leaving Goodwill to her proof.

116. Defendant denies the allegations made in Paragraph 116 of the Complaint. The remainder of the statements in Paragraph 116 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

117. Paragraph 117 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

118. Defendant denies the allegations made in Paragraph 118 of the Complaint. The remainder of the statements in Paragraph 118 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

119. Defendant denies the allegations made in Paragraph 119 of the Complaint. The remainder of the statements in Paragraph 119 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and therefore denies the same.

121. Defendant denies the allegations made in Paragraph 121 of the Complaint. The remainder of the statements in Paragraph 121 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

122.    Defendant denies the allegations made in Paragraph 122 of the Complaint. The remainder of the statements in Paragraph 122 state a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

123.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, and therefore denies the same. Masiello denies the general assertion that a "putative" class even exists and further states that no claims, other than those framed by Goodwill in her previously dismissed MHRC charge and her current Complaint, have been noticed, pursued, or referenced by any real estate professional who elected to align with Masiello and executed an agreement in which they confirmed their independent contractor status in pursuing their own business productivity and independence-based approach to succeeding in the Maine real estate industry.

124.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint, and therefore denies the same.

125.    Masiello denies the allegations of Paragraph 125 of the Complaint and notes further it states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

126.    Masiello denies the allegations of Paragraph 126 of the Complaint and notes further it states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

127.    Masiello denies the allegations of Paragraph 127 of the Complaint and notes further it states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

128.    Masiello denies the allegations of Paragraph 128 of the Complaint and notes further it states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

## RESPONSE OF MASIELLO TO GOODWILL'S CLAIMS FOR RELIEF

### Count I: Alleged Failure to Pay Overtime – 26 M.R.S.A. §664
On behalf of the named Plaintiff and all Overtime Class Plaintiffs Against All Defendants

129.    Paragraph 129 involves mere recitals of prior paragraphs; to the extent an answer is required, it is denied.

130.    Paragraph 130 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

131.    Paragraph 131 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

132.    Paragraph 132 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

133.    Paragraph 133 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

### Count II: Alleged Unfair Agreements – 26 M.R.S.A. §629
On behalf of the named Plaintiff and all §629 Class Plaintiffs Against All Defendants

134.    Paragraph 134 involves mere recitals of prior paragraphs; to the extent an answer is required, it is denied.

135.    Paragraph 135 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

136.    Paragraph 136 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

Count III: Alleged Unfair Agreements – 26 M.R.S.A. §621-A<br>
On behalf of the named Plaintiff and all §629 and Overtime Class Plaintiffs Against All<br>
Defendants

137.    Paragraph 137 involves mere recitals of prior paragraphs; to the extent an answer
      is required, it is denied.

138.    Paragraph 138 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

139.    Paragraph 139 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

Count IV: Alleged Misclassification – 26 M.R.S.A. §591-A<br>
On behalf of the named Plaintiff and all Overtime and §629 Class Plaintiffs Against all<br>
Defendants

140.    Paragraph 140 involves mere recitals of prior paragraphs; to the extent an answer
      is required, it is denied.

141.    Paragraph 141 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

142.    Paragraph 142 of the Complaint states a legal conclusion to which no response is
      required by Defendant; to the extent a response is required, it is denied.

Count V: Alleged Age Discrimination – ADEA<br>
On behalf of the named Plaintiff Against Defendant BHG/TMG

143.    Paragraph 143 involves mere recitals of prior paragraphs; to the extent an answer
      is required, it is denied.

144.    Paragraph 144 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

145.    Paragraph 145 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

<u>Count VI: Age Discrimination – MHRA</u>
On behalf of the named Plaintiff Against Defendant BHG/TMG

146.    Paragraph 146 involves mere recitals of prior paragraphs; to the extent an answer is required, it is denied.

147.    Paragraph 147 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

148.    Paragraph 148 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

<u>Count VII: Breach of Contract</u>
On behalf of the named Plaintiff Against All Defendants

149.    Paragraph 149 involves mere recitals of prior paragraphs; to the extent an answer is required, it is denied.

150.    Paragraph 150 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

151.    Paragraph 151 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

<u>Count VIII: Conversion</u>
On behalf of the named Plaintiff Against All Defendants

152.    Paragraph 152 involves mere recitals of prior paragraphs; to the extent an answer is required, it is denied.

153. Paragraph 153 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

154. Paragraph 154 of the Complaint states a legal conclusion to which no response is required by Defendant; to the extent a response is required, it is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Defendant satisfied any and all obligations it had to Plaintiff.

3. Plaintiff's Complaint is precluded by the doctrine of unclean hands.

4. Plaintiff's Complaint is precluded by the doctrines of equitable estoppel and/or legal estoppel.

5. Plaintiff's claims are precluded and/or barred by the doctrine of waiver and laches.

6. The acts and omissions of Plaintiff constitute an intervening and/or supervening cause of Plaintiff's damages, if any are proven.

7. Plaintiff's claims are barred, in whole or in part, due to her own conduct.

8. Plaintiff has failed to mitigate damages.

9. Plaintiff's claims are barred, in whole or in part, because Defendant did not owe any legal duty to Plaintiff, or if Defendant did owe a legal duty to the Plaintiff, it did not breach that duty.

10. Plaintiff has failed to follow the statutory requirements for her claims and the dismissal of her claims by the Maine Human Rights Commission forecloses her rights to various remedies sought.

11. Plaintiff's claims are time barred.

12. Any and all allegations contained within Plaintiff's Complaint not expressly admitted herein or otherwise addressed are hereby denied.

13. Goodwill has failed to establish, and cannot meet her burden of establishing, Maine Rule of Civil Procedure 23(a)'s prerequisites to a class action.

14. Goodwill has not shown, and cannot show, that the putative classes referenced in her pleading are so numerous that joinder of all members, who are independent contractor real estate professionals, is impracticable.

15. Goodwill has not shown, and cannot show, there are questions of law and/or fact common to the putative classes generally referenced in her pleading.

16. Goodwill, who is pursuing individual claims that admittedly do not implicate the rights or circumstances of others, has not shown, and cannot show, her claims or defenses are typical of the claims or defenses of the putative classes noted in her pleading.

17. Goodwill, who has divergent interests, individualized claims, and unique circumstances surrounding the termination of her independent contractor agreement by Masiello, will not, and cannot, fairly and adequately protect the interests of the classes she has identified.

18. Goodwill has failed to establish, and cannot meet her burden of establishing, the requisites of Maine Rule of Civil Procedure 23(b), necessary to maintain a class action.

19. Goodwill has failed to establish, and cannot meet her burden of establishing, that the prosecution of separate actions by or against individual members of the classes would create a risk of inconsistent or varying adjudications with respect to the individual real estate professional members of the putative class.

20. Goodwill has failed to establish, and cannot meet her burden of establishing, that adjudications with respect to individual real estate professional members of the putative classes which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

21. Goodwill has failed to establish, and cannot meet her burden of establishing, that Masiello has acted or refused to act on grounds generally applicable to the putative classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22. Goodwill has failed to establish, and cannot meet her burden of establishing, that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Goodwill has failed to establish, and cannot meet her burden of establishing, that the supposed members of the classes she seeks to "represent" actually support the use of the class action device, desire to pursue collective claims, and/or perceive themselves as, or desire to be deemed, employees as opposed to independent real estate professionals as provided by Maine law and confirmed in their respective independent contractor agreements.

24. Goodwill has failed to identify any members of the putative classes who support her claims or endeavor to be a class representative, while pursuing her personal claims, including claims for age discrimination.

25. Goodwill has failed to meet her burden of demonstrating the desirability of using the class device, overlooking the lack of support by the putative class members, the difficulties to be encountered in the management of a class action, and the interest of members of the classes in individually controlling the prosecution of separate actions or simply not agreeing with Goodwill's core allegation that she was an employee of Masiello.

26. Defendant will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto or assert such defenses at trial or via dispositive motions.

## <u>COUNTERCLAIM OF THE MASIELLO GROUP SEEKING</u>
## <u>DECLATORY JUDGMENT</u>

NOW COMES, Defendant/Counterclaim-Plaintiff, The Masiello Group Limited d/b/a Better Homes and Real Estate/The Masiello Group ("Masiello"), by and through its undersigned counsel, and asserts the following claim for declaratory relief against the Plaintiff/Counterclaim-Defendant, Sara D. Goodwill ("Goodwill" or "Counterclaim Defendant"):

### <u>RELEVANT FACTS</u>

1. Goodwill has practiced as a licensed real estate agent in the Sebago Lakes Region of Maine for more than twenty (20) years as an independent contractor, working first for a competitor of Masiello beginning approximately fifteen (15) years ago.

2. When Goodwill began her role as a real estate agent affiliated with Masiello in 2017, she signed an Independent Contractor Agreement with Masiello in March of 2017.

3.  Attached hereto as Exhibit A is a true and conforming copy of the "Better Homes & Gardens / The Masiello Group Independent Contractor Agreement" containing Goodwill's signature and dated March 29, 2017 ("Independent Contractor Agreement").

4.  Goodwill worked part-time and infrequently at Masiello's offices and received an average of approximately $11,000 in annual compensation over the approximately thirty (30) months she aligned with Masiello as an independent contractor real estate professional.

5.  Goodwill had a great deal of difficulty following necessary protocols within the office and accomplishing tasks which were required in order to sell real estate in compliance with the laws of the State of Maine and in conformity with Masiello's own organizational framework, which needed to be followed and completed in order to guarantee such legal compliance.

6.  In Article II of Goodwill's Independent Contractor Agreement (Exhibit A), she specifically confirmed and acknowledged that she "is an independent contractor and not an employee."

7.  In affiliating with Masiello, Goodwill was obligated to abide by Masiello's operating policy manual and she specifically confirmed, in signing her engagement with Masiello, the applicable manual governed her "rights and obligations as an independent contractor".

8.  The Independent Contractor Agreement provided that either Goodwill or Masiello could terminate the engagement with seven days' notice and contained no prohibition against subsequent or current work with other agencies.

9. The Independent Contractor Agreement, and the various internal policies and manual of Masiello, ensure that those who align with Masiello as a licensed real estate professional and independent contractor follow the legal and regulatory framework needed for Masiello's real estate agency to be in compliance with State and Federal law.

10. For decades real estate agents are required in Maine to align with a "designated broker", who serves as an overseer of sorts of the agent's work, ensuring, among other things, compliance with legal mandates.

11. Maine, similar to many states, has noted the special relationship that real estate agents have with the agencies they align with, and has specifically addressed the validity and propriety of the independent contractor relationship as it relates to real estate agents.

12. In defining what "employment" means under Maine's Independent Contractor statute, which has been in effect since 2013, 26 M.R.S.A. § 1043, 11, F (15) specifically states that "The term 'employment' does not include: … (15) Service performed by an individual for a person as a real estate broker, a real estate sales representative, an insurance agent or an insurance solicitor, if all such service performed by that individual for that person is performed for remuneration solely by way of commission; . . .").

13. Far from remaining silent on this issue, the Maine Legislature affirmatively reinforced the unique nature of the relationship between a real estate broker and the agency with which they are aligned.

14. Assuming for the sake of argument that Maine did not have statutes that specifically permitted real estate agents to be independent contractors (which Maine, of course, does), under Maine's test for determining independent contractor status Masiello's satisfies each facet of the test as it relates to Goodwill's engagement.

15. To be found to be an independent contractor in Maine the entity must show that the relationship meets all the following criteria:

   a. The individual has the essential right to control the means and progress of the work except as to final results;

   b. The individual is customarily engaged in an independently established trade, occupation, profession or business;

   c. The individual has the opportunity for profit and loss as a result of the services being performed for the other individual or entity;

   d. The individual hires and pays the individual's assistants, if any, and, to the extent such assistants are employees, supervises the details of the assistants' work; and

   e. The individual makes the individual's services available to some client or customer community even if the individual's right to do so is voluntarily not exercised or is temporarily restricted.

16. Goodwill controlled the means and progress of her work (while needing to follow the policies of Masiello in order to ensure regulatory compliance), Goodwill was engaged in an independently established occupation (as supported by Maine's specific statutory carveout for independent contractors), Masiello achieved profits (albeit modest profits given her part time status) through her independent productivity, Goodwill could hire

31

assistants, and she was unimpeded as to performance of her self-directed work and subject to the licensing requirements of being aligned with a designated broker, Masiello.

17. The determination that Goodwill, as a licensed Maine-based real estate agent and consistent with the Independent Contractor Agreement she executed, is an independent contractor is not only bedrock in the Maine Independent Contractor test, but also finds ample favor and support in such longstanding statutes and regulations such as Maine's Workers Compensation Act, the Internal Revenue Code, and the Maine Real Estate Brokerage License Act.

18. As noted, in addition to the express carve-out in Maine's Unemployment Compensation Statute (26 MRSA § 1043(F)(15)), where the 2013 consolidated Independent Contractor test above also resides, the Maine Worker's Compensation Act of 1992 also provides: "'Employee' does not include a real estate broker or salesperson whose services are performed for remuneration solely by way of commission if the broker or salesperson has signed a contract with the agency indicating the existence of an independent contractor relationship." 39-A MRSA § 102(11)(D).

19. Real estate professionals also have an explicit protection in the Internal Revenue Code, 26 U.S.C. § 3508, which provides the framework to classify them as statutory non-employees for federal tax purposes. The rule has been in place since 1982. The federal tax treatment of real estate agents under the Internal Revenue Code demonstrates the federal government's long-standing recognition of the unique nature of the real estate industry and, as such, the need to treat it differently than other industries.

20. The small amount of commissionable income Goodwill earned pursuant to her Independent Contractor Agreement with Masiello was reflected in a Form-1099 and not treated as W-2 wages.

21. Section 13179 of Maine's "Real Estate Brokerage License Act" is titled "Supervision of employees" and states: "The designated broker shall exercise a reasonable level of supervision commensurate with the level of qualification and experience of agency employees and independent contractors supervised, in order to protect and promote the interests of its clients with absolute fidelity. The designated broker shall not permit or authorize any person to engage in any activity for which they are not properly licensed." 32 M.R.S.A. § 13179 (emphasis added).

22. Masiello personnel served as Goodwill's "designated broker" under Maine law during the time she was affiliated with Masiello.

23. Section 13200 of the Real Estate Brokerage License Act further provides: "Real estate sales agent" or "sales agent" means any person employed by or on behalf of an agency to perform real estate brokerage services in a training capacity and licensed by the commission as a sales agent." The same language appears in the definition for other real estate professionals (for associate brokers and brokers, etc.). Each definition requires being "affiliated with a real estate brokerage" and not "employed by". 32 M.R.S.A. §13200.

24. Goodwill has opted to pursue a host of individual claims, some of which have previously been dismissed by the Maine Human Rights Commission.

25. In addition to pursuing her individual claims, she purports to be championing the claims of other, unidentified real estate agents who have aligned with Masiello as independent contractors and who Goodwill asserts are "really" employees.

26. Goodwill attempts to overturn decades of well-settled law and state and federal statutes and regulations in an industry of well-compensated professionals, serving as the self-appointed standard-bearer when her agency affiliation with Masiello underscores her tenuous link to that agency under any objective lens.

27. In asserting she was not an independent contractor while aligned with Masiello, and ostensibly pursuing class representative standing, Goodwill has framed her pleading in such a way that the question of her status as a real estate agent affiliated with Masiello is a justiciable controversy and a binding judicial determination on the issue of her legal status and its relations under statutes and relevant written instruments will be dispositive of the gravamen of her pleading. Indeed, a determination of the "independent contractor issue" in the context of Goodwill's short affiliation with Masiello will also directly affect the efficacy of her individual age-related and statutory wage claims which require, as an indispensable factual predicate, her to be an employee.

## <u>COUNT 1 – DECLARATORY JUDGMENT</u>

28. Masiello repeats and re-alleges the allegations in paragraphs 1 through 27 of the Counterclaim.

29. Masiello seeks a Declaratory Judgment that Goodwill, during her affiliation as a licensed Maine real estate professional pursuant to her Independent Contractor Agreement, was an independent contractor, and not an employee, of Masiello.

30. Pursuant to the Maine Declaratory Judgments Act, 14 M.R.S.A. §§ 5951 *et seq.*, Maine Courts are authorized to declare rights, status and other legal relations between parties. This Court, sitting in diversity and assessing federal claims, may apply the Maine Declaratory Judgments Act as to Goodwill's claims implicating her position that she was really an employee of Masiello as detailed herein.

31. All of the prerequisites detailed the Maine Declaratory Judgments Act are all present in the context of the current action and objective of the Act to provide a more adequate and flexible remedy for matters within a Court's jurisdiction will be achieved in deciding the justiciable controversy and providing Masiello and Goodwill alike a binding judicial determination.

32.  The Maine Declaratory Judgments Act "is remedial in nature and should be liberally construed to provide a simple and effective means by which parties may secure a binding judicial determination of their legal rights, status or relations under statutes and written instruments where a justiciable controversy has arisen.

33. Masiello's pursuit of a declaratory judgment in this action serves both a useful purpose and presents an issue of "public importance" which could materially impact the entirety of Maine's real estate industry.

34. These two requisites are satisfied in the case at bar. First, this court has demonstrated it has jurisdiction as a result of the removal action and a justiciable controversy is present, as Goodwill seeks to alter well-settled law for an ostensible class of similarly situated individuals.  This case is of the utmost public importance, given the statutory and regulatory structures and provisions that Goodwill is attempting to upend through her action.

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Court: (i) Enter Judgment in Masiello's favor and against Goodwill on the Count for Declaratory Judgement; (ii) award Masiello is costs and reasonable attorneys' fees; and (iii) provide such other relief to Masiello as the law permits.

DATED: February 3, 2023                    Respectfully submitted,

                                           /s/Adam S. Taylor, Esq.
                                           Adam S. Taylor, Esq., ME Bar #9078
                                           Gregg R. Frame., ME Bar #9291
                                           TAYLOR, McCORMACK & FRAME, LLC
                                           267 Commercial Street, First Floor
                                           Portland, ME  04101
                                           Tel: (207) 828-2005
                                           Fax: (207) 347-4523
                                           Email: ATaylor@TMFattorneys.com
                                                   GFrame@TMFattorneys.com

                                           *Attorneys for Defendant Masiello*

## Exhibit A

"**Better Homes & Gardens / The Masiello Group Independent Contractor Agreement**" **containing Goodwill's signature and dated March 29, 2017 (referenced as "Independent Contractor Agreement").**

**CERTIFICATE OF SERVICE**

I, Adam S. Taylor, attorney for Defendant, The Masiello Group Limited d/b/a Better Homes and Real Estate/The Masiello Group ("Masiello"), hereby certify that on the above-date, I electronically filed Defendant's Answer and Counterclaim for Declaratory Judgment in this matter using the ECF filing system, which will provide notice to all registered counsel of record: For Goodwill:  Peter Mancuso, Andrew Schmidt, and Eric Uhl; For Anywhere: Christopher Kaczmarek and Valerie Wright.


DATED: February 3, 2023                       Respectfully submitted,


                                              /s/Adam S. Taylor, Esq.
                                              Adam S. Taylor, Esq., ME Bar.#9078
                                              TAYLOR, McCORMACK & FRAME, LLC
                                              267 Commercial Street, First Floor
                                              Portland, ME  04101
                                              Tel: (207) 828-2005
                                              Fax: (207) 347-4523
                                              Email: ATaylor@TMFattorneys.com

                                              *Attorney for Defendants*