## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **SARA D. GOODWILL,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-00407-SDN** |
| | ) | |
| **THE MASIELLO GROUP LTD,** | ) | |
| | ) | |
| **Defendant** | ) | |

## ORDER ON REDACTED DISCOVERY MATERIAL

On December 20, 2024, following a hearing at which both parties were present, I ordered the Plaintiff to "submit to me unredacted copies of any communications between Attorney Goodwill and the Plaintiff relating to the issues in this case prior to the start of their attorney-client relationship so that I [could] perform an in camera review to verify Attorney Goodwill's representation that the redactions in the copies provided to the Defendant conceal only irrelevant information." Report and Order (ECF No. 80) at 2. Attorney Goodwill timely submitted those documents along with a privilege log indicating whether each one is protected by attorney-client privilege, the work-product doctrine, or the Consent Confidentiality Order (ECF No. 39).

The Plaintiff has marked three documents, labeled Bates Nos. 00567, 00597, and 00599, as "Confidential — Subject to Protective Order," indicating a good faith determination that the communications therein contain confidential personal information that should be protected from public disclosure, *see* Consent Confidentiality Order ¶ 3, and redacted several portions of the communications.

After reviewing these documents, I conclude that they contain communications between the Plaintiff and Attorney Goodwill pertaining to personal health matters not relevant to the instant case and are therefore appropriately redacted.

The Plaintiff asserts that the remaining documents, labeled Bates Nos. 00570, 00571, 00576, 00577, 00589, 00591, 00592, and 00600, which are similarly marked as "Confidential — Subject to Protective Order" and partially redacted, are protected by attorney-client privilege. *See United States v. Schussel*, 291 F. App'x 336, 343 (1st Cir. 2008) (defining attorney-client privilege as "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived"). Upon review, it is clear that relevant information is redacted; namely, communications between the Plaintiff and Attorney Goodwill, in his capacity as a legal adviser, about the issues in this case. However, because the purpose of this review is to determine the relevancy of these documents, I will not at this juncture decide whether attorney-client privilege applies.

Finally, the Plaintiff's privilege log provides insufficient context. A party withholding material otherwise discoverable on the basis of privilege must "describe the nature of the documents, communication, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Here, the privilege log describes each document's nature as "redacted content," which

falls far short of that standard. *See Neelon v. Krueger*, No. 12–cv–11198–IT, 2015 WL 1037992, at *3 (D. Mass. Mar. 10, 2015) (stating that a party withholding discoverable material based on attorney-client privilege must "provide information sufficient to show, at the least, the existence of each element" of that privilege); *McCormick v. Dresdale*, No. 09-474-PJB-LM, 2011 WL 13364595, at *2 (D.R.I. June 3, 2011) ("The privilege log must include a detailed description of the documents to be protected with precise reasons given for the particular objection to discovery." (cleaned up)).

Accordingly, I hereby **ORDER** the Plaintiff to produce to the Defendants, by January 10, 2025, the privilege log submitted to me as well as a revised privilege log that reflects my findings and conclusions herein.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: January 7, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge