UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SARA D. GOODWILL, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 2:22-cv-00407-SDN |
| | ) |
| THE MASIELLO GROUP | ) |
| LIMITED, d/b/a BETTER HOMES | ) |
| AND GARDENS REAL ESTATE/ | ) |
| THE MASIELLO GROUP, | ) |
| | ) |
|     Defendant | ) |

**ORDER ON MOTION FOR SANCTIONS**

In this employment case, The Masiello Group Limited seeks discovery sanctions against Sara D. Goodwill. *See* Motion (ECF No. 96). Given Goodwill's dilatory approach to discovery and her undisputed failure to comply fully with my discovery orders, I conclude sanctions are warranted. But the requested dismissal with prejudice is too severe at this juncture, so I will—as a less drastic alternative—order Goodwill to pay $6,750 to cover the reasonable attorneys' fees that The Masiello Group has needlessly incurred as a result of her discovery abuses.[1]

**I. Background**

In September 2022, Goodwill initiated this case in state court asserting age discrimination claims against her former employer The Masiello Group, as well as

---

[1] This order is nondispositive. *See, e.g.*, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) ("Magistrate Judge Muirhead—whatever he might theoretically have done—in fact imposed only a monetary sanction. His order, therefore, was nondispositive and the 'clearly erroneous' standard obtains. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)." (footnote omitted)).

1

Maine wage and employment law claims on behalf of herself and a putative class. *See* ECF No. 2-1. The Masiello Group removed the case to this Court based on federal question and diversity jurisdiction, *see* ECF No. 1, Goodwill amended her complaint, *see* ECF No. 12, and the Court dismissed Goodwill's claims against a second defendant—Anywhere Real Estate, *see* ECF No. 22.

In July 2023, I issued a scheduling order setting a discovery deadline of December 14, 2023. *See* ECF No. 23. I granted various extensions of the pretrial deadlines, *see* ECF Nos. 32, 36, and, in December 2023, I extended the discovery deadline to September 27, 2024, *see* ECF No. 41.

In February 2024, Goodwill's counsel moved to withdraw from the case citing a breakdown of the attorney-client relationship. *See* ECF No. 42. Following a hearing on that motion in April 2024, which Goodwill attended, I granted her counsel's motion to withdraw, stayed all remaining scheduling order deadlines, and set a deadline of May 11, 2024, for Goodwill's new counsel to enter an appearance or for her to enter a pro se entry of appearance. *See* ECF Nos. 43, 49-50.

After the May 11, 2024, deadline passed without any filing by Goodwill, The Masiello Group filed a motion for default judgment, which the Court denied. *See* ECF Nos. 51, 52. In July 2024, still having received no communications or filings from Goodwill, I entered an order requiring her to explain in writing why her case should not be dismissed for lack of prosecution. *See* ECF No. 53. On July 22, 2024, Goodwill's new counsel—who happens to be her son—entered his appearance. *See* ECF No. 55.

2

In August 2024, following a conference of counsel, I entered an amended scheduling order, setting a March 31, 2025, discovery deadline. *See* ECF Nos. 60, 63. At The Masiello Group's request, I held a discovery hearing in October 2024, following which I ordered the parties to meet and confer and submit a joint status report regarding various discovery disputes and the remaining deadlines. *See* ECF No. 68. Only The Masiello Group filed a status report. *See* ECF No. 69.

On December 4, 2024, I held another discovery hearing, following which I ordered Goodwill to submit complete discovery responses to The Masiello Group by December 18, 2024, along with her availability for a deposition in January 2025. *See* ECF No. 73. I warned Goodwill that I would likely authorize The Masiello Group to file a motion for sanctions if she did not comply with my order. *See id.*

On December 20, 2024, I held a status conference at The Masiello Group's request to address Goodwill's inadequate discovery responses. *See* ECF No. 79. Following that conference, I ordered Goodwill, by December 30, 2024, to provide signed authorizations that would enable The Masiello Group to obtain her tax return documents, files, and communications directly from the IRS and her tax return preparers and to submit to me unredacted copies of communications between herself and her attorney prior to his representation for an in-camera review. *See* ECF No. 80 at 2. I warned Goodwill for a second time "that if [she] continued to drag her feet in producing important and long overdue discovery responses, I would not hesitate to authorize" The Masiello Group "to file a motion for sanctions." *Id.* at 2. I also reminded Goodwill's counsel, when he tried to deflect blame onto The Masiello Group,

3

that he was free to raise such issues in a properly filed request for a discovery hearing under Local Rule 26(b).  *See id.* at 2-3.  And, finally, I ordered the parties to submit a joint status report by December 31, 2024.  *See id.* at 2.  Once again, only The Masiello Group filed a status report by the deadline.  *See* ECF No. 81.

On January 7, 2025, following my in-camera review of Goodwill's unredacted communications with her counsel, I concluded that the redactions were seemingly justified but that Goodwill's privilege log provided insufficient context.  *See* ECF No. 88 at 1-2.  I ordered Goodwill to produce, by January 10, 2025, to The Masiello Group "the privilege log [she] submitted to me as well as a revised privilege log" consistent with my order.  *Id.* at 2-3.  On January 8, 2025, I also further extended the scheduling order deadlines at The Masiello Group's request, including the discovery deadline, which I extended to August 7, 2025.  *See* ECF No. 90.

On January 13, 2025, The Masiello Group filed a request for a discovery hearing in which it indicated that Goodwill had not fully complied with my orders to sign authorizations for it to obtain documents directly from her tax preparers and produce the privilege logs.  *See* ECF No. 92.  In lieu of scheduling another discovery hearing, I authorized The Masiello Group to file the instant motion for sanctions.  *See* ECF No. 93.

On January 14, 2025, Goodwill filed a motion seeking an extension of time to comply with my orders due to her counsel's January 10, 2025, diagnosis of COVID-19, which purportedly had prevented him from diligently representing her and addressing discovery matters.  *See* ECF No. 94.  I denied the motion, noting that I

would not "stay discovery or continue deadlines that have already passed." ECF No. 95.

## II. Legal Standard

Fed. R. Civ. P. 37 gives the district court "a veritable arsenal of sanctions" when a party fails to comply with discovery obligations and orders, *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012) (cleaned up), from assessing reasonable costs to dismissing some or all of a party's claims, *see* Fed. R. Civ. P. 37(b)(2).  In considering whether and what Rule 37 sanctions may be appropriate, a court should weigh factors such as "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015).

## III. Discussion

The Masiello Group argues that the sanction of dismissal with prejudice is warranted in light of Goodwill's ongoing failure to (1) respond adequately to its discovery requests, (2) comply fully with my orders to produce discovery and signed authorizations, and (3) participate in good faith attempts to resolve discovery disputes. *See* Motion at 1, 8.  It also requests an award of its "reasonable expenses[,] including attorneys' fees, caused by [Goodwill's] failure to comply with discovery rules." *Id.* at 9.

In her response, Goodwill "concedes that recent deadlines remain unfulfilled,"

5

but she largely blames the lack of discovery progress on The Masiello Group's "ingenuine rhetoric, stonewalling tactics, and . . . overall strategy to prevent [her] from litigating" her claims "on the merits." Response (ECF No. 97) at 6, 11. She also asserts that she was denied due process when discovery hearings were scheduled at the last minute and she did not have "time to properly prepare." *Id.* at 7. Ultimately, she asks that The Masiello Group's motion be denied in full and that the Court convene the parties for another "discussion . . . to facilitate progress." *Id.* at 12.

Goodwill's purported desire "to facilitate progress" is at odds with her conduct so far in this case. Her discovery violations are persistent and severe. Two-and-a-half years after she initiated this case, Goodwill has yet to produce documents as basic as her recent tax returns and has consistently failed to comply fully with my orders relating to discovery. Her conduct has impaired The Masiello Group's ability to defend against her claims and caused it to needlessly expend money and effort chasing down discovery. She has also wasted limited judicial resources by necessitating multiple hearings on the same or similar discovery issues. And considering that I have repeatedly warned her that she was not meeting her discovery obligations and given her several opportunities to come up to speed, Goodwill's misconduct appears to be deliberate.

The excuses Goodwill offers for her failings are unavailing. I understand that Goodwill "is an aged widow" and that her attorney is "a sole practitioner representing his mother," but those facts do not excuse either of them from engaging in and complying with the rules of discovery. *Id.* at 3, 5. Likewise, Goodwill's counsel's

6

COVID-19 diagnosis in early January 2025 does not excuse Goodwill's continuing noncompliance with my orders, nor does it seem from Goodwill's counsel description of his illness that he could not have sought an extension of the deadlines before they expired. And contrary to Goodwill's assertion that The Masiello Group's discovery requests would "overwhelm any litigant," *id.* at 11, the type and volume of information requested are typical for cases such as this.

Goodwill's attempts to deflect blame onto The Masiello Group fall flat. As I have reminded Goodwill on several occasions, if she has problems with The Masiello Group's discovery conduct, she must raise those issues through a properly filed request for a hearing under Local Rule 26(b). Moreover, even if The Masiello Group has fallen short in some regards, such deficiencies do not justify Goodwill's own discovery violations. *See, e.g.*, *Infanzon v. Allstate Insur. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) ("[Plaintiff's counsel] spills lots of ink criticizing [Defendant's] discovery conduct in response to Plaintiff's discovery requests. But those criticisms—even if legitimate—add up to neither substantial justification for Plaintiff's own discovery violations nor circumstances making a sanctions award inappropriate here." (cleaned up)).

Two of Goodwill's attempts to pass the buck warrant specific attention. First, she asserts that she tried to collaborate with The Masiello Group on joint status reports but that it sent her revisions too close to the deadline for her to adequately respond. *See* Response at 7-8. Even if this is true, I fail to see why Goodwill simply let the deadlines pass without filing her own status report. Second, Goodwill asserts

7

that she did not sign the authorization that The Masiello Group sent her to obtain her tax records from her tax preparer because it was broader than she had agreed and would encompass "confidential and privileged records." *Id.* at 8. But Goodwill did not merely agree to provide an authorization, I *ordered* her to provide a signed authorization for The Masiello Group to obtain her "tax return documents, files, and communications [from the past six years] directly from her tax preparers." ECF No. 80. She did not object to that portion of my order, and I have reviewed the authorization that The Masiello Group provided to her and it is consistent with my order. *See* ECF No. 96-2 at 4. Goodwill's vague assertion of privilege—which she raises for the first time here—only underscores the Whac-A-Mole nature of her excuses for failing to comply with my discovery orders.

Finally, I am bewildered by Goodwill's breezy assertion that she has been denied due process. *See* Response 7. I have never held a hearing without her participation and have been reasonably accommodating of her and her counsel's schedules and patient with the delays associated with switching counsel. The last discovery hearing was held on relatively short notice, but Goodwill's counsel explicitly told the Clerk's Office that he would attend, *see* ECF No. 87-2, was duly notified of the hearing via CM/ECF, *see* ECF No. 78, and did not file a motion to continue. This underdeveloped argument seems to be nothing more than lingering sour grapes from when I called out Goodwill's counsel for being less than fully honest about his communications with the Clerk's Office. *See* ECF No. 80 at 1, *aff'd*, ECF No. 91.

So, having concluded that Goodwill's discovery violations are persistent and severe, that her misconduct is deliberate and has prejudiced both The Masiello Group and the Court, and that she has provided no legitimate mitigating excuses for her ongoing violations, I find sanctions are warranted. The final question, then, is what sanctions should be imposed.

Dismissal under Rule 37, which The Masiello Group requests, is a drastic sanction reserved for particularly egregious discovery misconduct such as a pattern of flouting court orders and/or stonewalling. *See Companion Health Servs.*, 675 F.3d at 84-86; *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006). In deciding whether dismissal is warranted, courts must balance the goal of hearing cases on the merits with maintaining the orderly administration justice—and consider whether lesser sanctions will suffice. *See Companion Health Servs.*, 675 F.3d at 84. The ultimate "goal of a [Rule 37] sanction is to both penalize wrongful conduct and to deter future similar conduct by the particular party and others 'who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In this case, Goodwill has engaged in a pattern of stonewalling and disobeying my orders that could justify the harsh sanction of dismissal. But discovery does not close until August 7, 2025—there is still time for her to recognize the error of her ways, get back on track, and finish discovery so that the Court can reach the merits of her claims. It is enough at this juncture to (1) order Goodwill to pay The Masiello Group's reasonable attorney's fees that it has needlessly expended chasing down

9

basic and long overdue discovery and (2) warn Goodwill that if she continues to engage in the same dilatory and uncooperative conduct going forward, she will face more severe sanctions including the dismissal of her case.[2]

The Masiello Group seeks $13,506.50 in attorneys' fees for relevant costs. *See* Motion at 9 & n.6; ECF No. 96-3 at 1-2; ECF No. 96-4 at 1-18. Goodwill does not respond to this request, so she has waived any objection to the reasonableness of the requested amount or the adequacy of the supporting affidavit and invoices that The Masiello Group has submitted. Nevertheless, I will award only $6,750 in costs in consideration of the fact that some discovery costs—even those associated with discovery disputes—are a normal part of litigation.

## IV. Conclusion

The Masiello Group's motion for sanctions is **GRANTED IN PART**. Goodwill is **ORDERED** to pay The Masiello Group the sanction of $6,750 to cover the reasonable attorneys' fees it has needlessly incurred as a result of her discovery abuses by June 6, 2025. Goodwill is further **ORDERED** to submit a status report by June 6, 2025, outlining in detail her efforts to come into compliance with my previous orders and to respond to any outstanding discovery requests. Goodwill is **WARNED** that, if she does not demonstrate significant progress in fulfilling her outstanding discovery obligations, her case will likely be dismissed.

---

[2] The Masiello Group also requests various evidentiary sanctions "if the Court determines dismissal is not warranted." Motion at 8-9. This request is denied without prejudice—the monetary award is enough of a sanction at this juncture.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: May 6, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge